IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01410-WYD-CBS

MALCOLM A. HALL,
    Plaintiff,
v.

WAL-MART,
    Defendant.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

This civil action comes before the court regarding Plaintiff Mr. Hall's failure to appear at the Scheduling Conference held on December 14, 2009, failure to timely serve the Defendant, failure to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute this civil action. Pursuant to the Order of Reference dated June 24, 2009, this civil action was referred to the Magistrate Judge to conduct pretrial proceedings. (*See* doc. # 2). The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

Proceeding *pro se*, Mr. Hall filed his Complaint on June 16, 2009, generally alleging employment discrimination based on national origin, "harrassment, intimidation, and assault," demotion/discharge from employment, and "failure to protect while at work from intimidation." (*See* Complaint (doc. # 1) at pp. 2-3 of 7). On October 14, 2009, the court held a Scheduling Conference, at which the court noted that Mr. Hall had not yet served

1

the Defendant with the summons and complaint. (*See* Courtroom Minutes/Minute Order (doc. # 4)). The court granted Mr. Hall an additional 30 days to complete service on the Defendant. (*See id.*).

> Fed. R. Civ. P. Rule 4(m) provides in pertinent part
>
> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120-day period to effect service upon the Defendant has expired. To date, Mr. Hall has not filed with the court proper proof of service on the Defendant or requested an additional extension of time to serve the Defendant. Without proof of service, the court lacks personal jurisdiction over the Defendant. *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted). For failure to timely serve the Defendant, the court may properly dismiss this civil action without prejudice.

The court set a second Scheduling Conference on December 14, 2009. (*See* "Second Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting" (doc # 5)). The court mailed Mr. Hall's copy of the Order setting the December 14, 2009 Scheduling Conference to Mr. Hall's address of record with the court. (*See* doc. # 5, Notice of mailing). Mr. Hall's copy of the Order setting the December 14, 2009 Scheduling Conference was not returned to the court in the mail as undeliverable. The court held the Scheduling Conference on December 9, 2009. Mr. Hall did not appear. A member of

the court's staff telephoned Mr. Hall at the scheduled time of the hearing and left a recorded voice-mail message. As of this date, Mr. Hall has not contacted the court regarding his failure to appear.

Mr. Hall has failed to appear at the Scheduling Conference held on December 9, 2009, failed to timely serve the Defendant, failed to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute this civil action. Based on all these instances of Mr. Hall's noncompliance, this civil action may be dismissed. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). However, "when a case

is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986). "This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (citation omitted). "[T]he *Ehrenhaus* criteria may need to be considered" if "the applicable statute of limitations would bar relief if the plaintiff refiled his or her claims." *Young v. United States*, 316 Fed. Appx. 764, 772 n. 7 (10th Cir. March 12, 2009) (citing *AdvantEdge Bus. Group*, 552 F.3d at 1236).[1] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See also Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the *Ehrenhaus* criteria").

Mr. Hall alleges that the conduct forming the basis for the Complaint occurred on or about January 25, 2008. (*See* Complaint at p. 3 of 7). Mr. Hall has not raised the issue of the running of any applicable statute of limitations. Nevertheless, in order to recommend the sanction of dismissal of this civil action even without prejudice, the court proceeds to analyze the factors set forth in *Ehrenhaus*, 965 F.2d at 920. The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the

---

[1] A copy of this unpublished decision is attached to this Recommendation.

efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds first that the Defendant has not been prejudiced, as Mr. Hall has not yet served this action on the Defendant.  Second, Mr. Hall's continuing noncompliance with the court's orders has increased the workload of the court and interfered with the administration of justice.  More than once the court has reviewed the file and set hearings in the case.  Mr. Hall has not responded to the court's attempts to communicate with him in writing or via telephone.  Third, the record does not reveal that anyone other than Mr. Hall is culpable for his failure to appear at the December 14, 2009 Scheduling Conference, his failure to timely serve the Defendant, his ongoing failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and his failure to prosecute this case.  Fourth, the court warned Mr. Hall regarding the 120-day time period to effect service upon the Defendant.  (*See* Courtroom Minutes/Minute Order (doc. # 4) and audio recording thereof).  Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has repeatedly failed to comply with previous court orders and the Federal and Local Rules. All of the five *Ehrenhaus* factors thus support dismissal of this civil action.

Accordingly,

IT IS RECOMMENDED that this civil action be dismissed without prejudice for Mr. Hall's failure to appear at the Scheduling Conference held on December 14, 2009, failure

to timely serve the Defendant, failure to comply with the court's orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute this civil action.

**Advisement to the Parties**

*Within fourteen days after service of a copy of the Recommendation*, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant

had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 18th day of December, 2009.

BY THE COURT:

 s/Craig B. Shaffer
United States Magistrate Judge